Jeremy J. Nork, Esq.
Nevada Bar No. 4017
Nicole E. Lovelock, Esq.
Nevada Bar No. 11187
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
702-669-4600
702-669-4650 – fax
jnork@hollandhart.com
nelovelock@hollandhart.com

*Attorneys for Plaintiff*

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>FELICIANO ROSSAL, an individual; ONELIA ROSSAL, an individual; CHANO'S LANDSCAPING, INC., and DOES 1 through 10, inclusive.<br><br>                    Defendants. | CASE NO. 2:12-cv-01298-MMD-GWF<br><br>[PROPOSED] FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND REPORT AND JUDGMENT |

The evidentiary matter having come before the Court on October 28, 2015, before the Honorable United States Judge Miranda M. Du, Plaintiff Branch Banking and Trust Company ("Plaintiff") appearing by and through its attorney of record Nicole E. Lovelock. Esq., and with Defendant Onelia Rossal ("Defendant") failing to appear, the Court having reviewed the evidence admitted during said hearing, having heard and carefully considered the evidence, including the testimony of Tio DiFederico, and in the intent of deciding all claims before the Court, the Court makes the following findings of facts, conclusions of law and judgment:

/ / /

/ / /

## I.

## **PROCEDURAL POSTURE**

1. Plaintiff seeks a deficiency against Defendant arising from a loan pursuant to NRS §40.451, *et. al.*

2. On September 29, 2015, summary judgment was entered ("Summary Judgment Order")(Dkt. 72) in favor of Plaintiff Branch Banking and Trust Company ("Plaintiff") and against Defendant Onelia Rossal ("Defendant") whereby it was determined that Plaintiff is entitled to judgment as a matter of law on the deficiency claim against Defendant.

3. As a result of the Summary Judgment Order, the issue that remained was the amount of the deficiency owed to Plaintiff, if any, according to Nevada Revised Statutes ("NRS") 40.451, *et. seq.*

4. To determine the amount of the deficiency judgment, pursuant to NRS §40.457, the evidentiary hearing was needed to determine the fair market value of the property identified as Clark County Assessor Parcel Number 140-16-102-014 ("Property") as of February 29, 2012, which is the date the Property was sold at a non-judicial trustee's sale ("Sale Date").

## II.

## **FINDINGS OF FACT**

1. The facts set forth in the Summary Judgment Order are hereby incorporated herein as if fully set forth.

2. Tio DiFederico, MAI is qualified to provide an expert opinion regarding the Property's fair market value as of the Sale Date.

3. Mr. DiFederico opined that the fair market value of the Property on the Sale Date was $90,000.00.

4. Mr. DiFederico's Appraisal of Real Property dated August 12, 2013 ("DiFederico Appraisal") developed the opinion of Mr. DiFederico as to the retrospective value of the Property on the Sale Date and was admitted into evidence as Exhibit 1.

5. The Court adopts the opinion set forth by Mr. DiFederico as to the market value of the Property the Sale Date, which was $90,000.00.

6. The Property was sold at a non-judicial trustee's sale on February 29, 2012 to Plaintiff for a credit bid in the amount of $144,000.00 and the Trustee's Deed Upon Sale recorded on May 11, 2012, in Book 201205011, as Instrument No. 01643, Official Records, Clark County, Nevada was admitted into evidence as Exhibit 2.

7. As set forth in the Summary Judgment Order and presented to the Court, the amount of the indebtedness on the Sales Date was $243,037.27.

8. Upon default, the subject note provides that the "Lender, at its option, may…increase the interest on this Note to 18% per annum."

### III.

### CONCLUSIONS OF LAW

1. Prior to the award of a deficiency judgment, NRS 40.455 requires that a hearing be conducted under NRS 40.457.

2. Pursuant to NRS 40.459, after a hearing is held pursuant to NRS 40.457, "the court shall award a money judgment against the debtor, guarantor or surety who is personally liable for the debt. The court shall not render judgment for more than: (a) The amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale; (b) The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, with interest from the date of sale…whichever is the lesser amount."

### IV.

### ORDER AND JUDGMENT

Based upon the foregoing and previous orders of the Court:

**IT IS HEREBY ORDERED** that the fair market value of the Property on the date of the trustee's sale was $90,000.00, which is lower than the trustee's sale price of $144,000.00.

**IT IS FURTHER ORDERED** that, taking the amount of the indebtedness on the date of the trustee's sale ($243,037.27) and providing Defendant credit for the trustee's sale price

($144,000.00), the amount of the deficiency owed by Defendant to Plaintiff on February 29, 2012 was $99,037.27.

**IT IS FURTHER ORDERED** that as of November 20, 2015, the deficiency amount was **$163,361.98**, comprised of principal in the amount of $99,037.27 and accrued interest in the amount of $64,324.71, which was calculated pursuant to a default interest rate of 18%. That deficiency amount shall accrue interest at the per diem rate of $49.52 until judgment.

**IT IS FURTHER ORDERED** that judgment is entered in favor of plaintiff Branch Banking and Trust Company and against Onelia Rossal in the amount of **$163,361.98**.

**IT IS FURTHER ORDERED** that judgment shall accrue at the legal rate from the date of judgment until the judgment is paid in full.

**IT IS FURTHER ORDERED** that plaintiff Branch Banking and Trust is entitled to reasonable attorneys' fees and costs in the amount to be determined by the court. If Branch Banking and Trust Company seeks to recover those fees and costs, it shall file a motion with appropriate documentation within 14 days of entry of this judgment.

_____
Miranda M. Du
United States District Judge

Dated: November 23, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November 2015, a true and correct copy of the foregoing **[PROPOSED] FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND REPORT AND JUDGMENT** was served by the following method(s):

☐ Electronic: by submitting electronically for filing and/or service with the Court's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

☑ U.S. Mail: by depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Onelia Rossal
1462 Marion Drive
Las Vegas, NV 89110
and
7735 Dean Martin Drive
Las Vegas, NV 89139

Chano's Landscaping, Inc.
c/o Feliciano Rossal and Onelia Rossal
7735 Dean Martin Drive
Las Vegas, NV 89139
and
3111 S. Valley View Blvd., Suite #B213
Las Vegas, NV 89102

Feliciano Rossal
7735 Dean Martin Drive
Las Vegas, NV 89139
and
7735 Industrial Road
Las Vegas, NV 89139

☐ Email: by electronically delivering a copy via email to the following e-mail address:

☐ Facsimile: by faxing a copy to the following numbers referenced below:

_____
An Employee of Holland & Hart LLP